1  MONTE K. GRIX (SBN 241050)
   mgrix@hkemploymentlaw.com
2  ANNA T. PHAM (SBN 318001)
   apham@hkemploymentlaw.com
3  JESSE D. SUTZ (SBN 338412)
   jsutz@hkemploymentlaw.com
4  HIRSCHFELD KRAEMER LLP
   456 Montgomery Street, Suite 2200
5  San Francisco, CA 94104
   Telephone: (415) 835-9000
6  Facsimile: (415) 835-0443

7  Attorneys for Defendant
   RICH PRODUCTS CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELOISA SOTO, as an individual and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>RICH PRODUCTS CORPORATION, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 4:21-cv-8494<br><br>[County of Alameda Superior Court Case No. RG21113707]<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. §§1332, 1441 (A)(B), 1446**<br><br>[Filed Concurrently with Certificate of Interested Parties and Declarations of Chuck Brown, Sharon Merrell, and Monte K. Grix in Support Thereof]<br><br>Complaint Filed: September 17, 2021 |

///
///
///
///
///
///
///
///

NOTICE OF REMOVAL TO FEDERAL COURT

**TO THE CLERK OF THE COURT:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. § 1441, Defendant Rich Products Corporation ("Rich Products") hereby removes this case filed by Plaintiff Eloisa Soto ("Plaintiff") in the Superior Court of the State of California for the County of Alameda (the "State Court") to the United States District Court for the Northern District of California under the Class Action Fairness Act, codified in pertinent part at 28 U.S.C. § 1332(d) ("CAFA").

In support of this Notice, Rich Products alleges that removal is proper as follows:

### I.   THIS REMOVAL IS TIMELY

Notice of removal under CAFA is timely if filed within 30 days after receipt of the "initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. §§ 1446(b)(1), 1453(b). Rich Products was served with process on October 5, 2021, and is filing this Notice of Removal within thirty (30) days from that date, making this removal timely under CAFA. *See* 28 U.S.C. § 1332(d)(2). (A true and correct copy of all process, pleadings, and orders served on Rich Products in the State Court Action is attached as Exhibit A to the Declaration of Monte K. Grix ("Grix Decl.") at ¶ 2.)

Rich Products filed an Answer to Plaintiff's Complaint in the State Court Action on October 29, 2021. (Grix Decl. at ¶ 3, Exhibit B.)

As required by 28 U.S.C. § 1446(d), Rich Products is providing written notice of the filing of this Notice of Removal to Plaintiff and is filing a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, in and for the County of Alameda. (Grix Decl. at ¶ 4, Exhibit C).

### II.   JURISDICTION AND VENUE UNDER THE CLASS ACTION FAIRNESS ACT

This Court has original jurisdiction of this Action under CAFA. As set forth below, this Action is properly removable, pursuant to 28 U.S.C. § 1441(a), because the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs, at least one class member is a citizen of a state different from that of both defendants and the number of California putative class members is greater than 100. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B) and 1332 (d)(6). Additionally, this Court is in the judicial district embracing the place where the State Court Action

was brought and is pending. Thus, this Court is the proper district court to which this case should be removed. 28 U.S.C. §§ 1441(a) and 1446(a).

A. **Rich Products is a Citizen of Both Delaware and New York.**

Rich Products is a corporation organized under the laws of the State of Delaware, with its principal place of business in Buffalo, New York. (Declaration of Sharon Merrell ("Merrell Decl.") at ¶ 2.) Corporations are citizens of: (1) the state in which they are incorporated and (2) the state in which they maintain their "principal place of business." 28 U.S.C. § 1332(c)(1). The U.S. Supreme Court adopted the "nerve center" test to determine a corporation's "principal place of business," which "normally will be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings." *Hertz v. Friend*, 130 S. Ct. 1181, 1192 (2010).

At the time of the filing of the Complaint in this case and as of today, Rich Products maintains its headquarters at One Robert Rich Way, Buffalo, New York 14213. (Merrell Decl. at ¶ 2.) Most of Rich Products' officers reside and work in the Buffalo, New York area and, when decisions are made about the business of Rich Products, they are made by those officers in Buffalo, New York. (Merrell Decl. at ¶ 3, Exhibit A.) That is the location where Rich Products' senior management is located and the location from which the affairs of the company are directed. (*Id.*)

In addition, nationwide management operations and control for all Rich Product departments, including their Human Resources, Legal, Information Technology, Marketing, Payroll and Finance Departments, originate from the Buffalo, New York headquarters. (Merrell Decl. at ¶ 4.) Furthermore, the California Secretary of State recognizes the headquarters for Rich Products as located in Buffalo, New York. (Merrell Decl. at ¶ 5, Exhibit B.) Finally, Rich Products holds itself out to the public as a citizen of New York. (Merrell Decl. at ¶ 6, Exhibit C.) As a result, Rich Products is a citizen of Delaware and New York.

///

///

///

**B.  Plaintiff and Most, if Not All Putative Class Members, Are Citizens of California.**

Plaintiff worked in Fresno County for Rich Products. (Declaration of Chuck Brown ("Brown Decl.") at ¶ 6.)[1] In addition, Plaintiff's listed address during the class period was in Fresno, California. (*Id.*) Because Plaintiff worked and her address is in California, it is more than safe to assume that Plaintiff resides in California—the state in which she is and has been employed for over 20 years. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.* 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is *prima facie* evidence of domicile. *State Farm Mutual Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (l0th Cir. 1994). Accordingly, Plaintiff is a citizen of the State of California.

Rich Products employs many individuals who live and work in California. Rich Products employs approximately 883 hourly, non-exempt employees who work and live in California. (Brown Decl. at ¶ 3.) Approximately 1,432 hourly, non-exempt employees lived in California and formerly worked for Rich Products in California over the last four years. (*Id.*)

Under CAFA, removal is proper if at least one class member is a citizen of a state different from that of at least one defendant. *See* 28 U.S.C. §§ 1332(d)(2) & (d)(6). Here, because virtually every putative class member is a citizen of California and because Rich Products is a citizen of New York and Delaware, removal is proper on that ground.

**C.  There Are Far More than 100 Potential Class Members.**

CAFA requires that the aggregated number of members of all proposed classes in a complaint be at least 100. 28 U.S.C. § 1332(d)(5)(B). Plaintiff seeks to represent "[a]ll current and former non-exempt California employees" of Rich Products, whom she maintains were subject to various violations of the California Labor Code. (Compl. at p. 5, ¶ 16a-b.) During the applicable

---

[1] Although Defendant filed the State Court Action in Alameda County, Rich Products does not believe that Plaintiff ever worked for Rich Products in Alameda County and believes that venue in the County of Alameda is improper. As the Court will see from the concurrently filed Notice of Pendency of Other Actions, there are earlier-filed putative class and representative actions involving the same parties, the same class definitions, and substantially similar or identical claims pending before the Central District of California. As noted in the Notice of Pendency of Other Actions, Rich Products is open to discussing with the Court solutions to ensure these matters are efficiently resolved.

limitations period, Rich Products employed approximately 1,432 hourly, non-exempt employees in California, far exceeding the jurisdictional requirement. (Brown Decl. at ¶ 3.)

### D. The Amount in Controversy Exceeds Ten Million Dollars, Two Times the Amount Required for CAFA Removal.

Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d)(6). To establish that the amount in controversy exceeds the jurisdictional amount, the defendant must make a "short and plain statement" of the basis for removal, including that it is more likely than not that the amount in controversy exceeds that amount. An evidentiary showing is not required in such notice. *Dart Cherokee Basin Operating Co. LLC v. Owens*, 135 S. Ct. 547, 551 (2014).[2]

Plaintiff has not alleged her damages for any of her claims and thus reasonable estimates of the alleged amount in controversy are appropriate. *Dart Cherokee Basin Operating Co. LLC v. Owens,* 574 U.S. 81, 88 (2014); *Ibarra v. Manheim Invs. Inc.* 775 F.3d 1193, 1197-98 (9th Cir. 2015) (citing and discussing *Dart Cherokee Basin Operating Co.*: "a defendant can establish the amount in controversy by an unchallenged, plausible assertion of the amount in controversy in its notice of removal").

As set forth below, using conservative assumptions about Plaintiff's purported damages and making simple calculations based on said assumptions, the amount in controversy far exceeds the $5,000,000 threshold.[3]

---

[2] All calculations supporting the amount in controversy are based on the allegations of Complaint, assuming, without any admission, the truth of the allegations, and assuming liability (which Rich Products disputes) is established. Likewise, these calculations are based on the putative class alleged in the Complaint and in no way indicate that class treatment is appropriate in this case, or that Plaintiff has standing to represent such a class, or that the class proposed would meet the requirements set forth in Rule 23 of the Federal Rules of Civil Procedure. Rich Products reserves the right to challenge Plaintiff's claims, adequacy and standing to represent any class, class definitions, and calculation of damages in all respects. However, for purposes of removal, Rich Products bases its calculations on the allegations, facts known to Rich Products, and class definition pled by Plaintiff.

[3] Plaintiff's Third Cause of Action for Violation of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §17200 effectively adds an additional year of damages (from three to four years) for wage claims under California's Labor Code. *See Pineda v. Bank of America, N.A.* 50 Cal. 4th 1389 (2010). Thus, if Plaintiff were to prevail, she and the class could achieve an additional year of damages for alleged: (1) rest period violations, (2) meal period violations, and (3) wage statement

1. **Failure to Provide Rest Breaks: Plaintiff Seeks Approximately Three Million Dollars.**

Here, although Plaintiff's allegations relating to rest break violations are, at best, vague, she does allege that "Plaintiff and Class Members . . . were denied the opportunity to take their full 30-minute [sic] off-duty rest breaks. As such, Defendants are responsible for paying premium compensation[.]" (Compl. at ¶ 33.)[4]

Despite her vague allegations, Rich Products conservatively estimates that Plaintiff is seeking *only one unpaid rest premium per workweek* by each putative class member in a five-day workweek. This rate is conservative and reasonable under the allegations of the Complaint since that would be one out of ten rest periods in a 40-hour workweek at 8 hours a day, or a ten (10) percent violation rate. *See Varsam v. Laboratory Corporation of America*, 2015 U.S. Dist. LEXIS 90645 at p. 3 (S.D. Cal. July 13, 2015) (25% violation rate found reasonable and conservative where class members allegedly "regularly worked" off the clock and where there was an alleged uniform policy that on its face violated applicable wage and hour law); *Lopez v. Aerotek, Inc*. U.S. Dist. LEXIS 63615 at p. 2 (C.D. Cal. May 14, 2015) (approving use of a 100% violation rate based on an allegation that "Defendants employed their workers for work periods of more than five hours without a meal period of not less than 30 minutes and failed to compensate them for such meal periods"); *Muniz v. Pilot Travel Centers LLC*, 2007 U.S. Dist. LEXIS 31515, (E.D. Cal. May 1, 2007) at pp. 3-5 (finding use of a 100% assumed violation rate proper where plaintiff alleged defendant did "not always" pay the amount of compensation due); *Oda v. Gucci America, Inc.* 2015 U.S. Dist. LEXIS 1672 at p. 4 (C.D. Cal. Jan. 7, 2015) (holding that a 50% violation rate assumption was reasonable based on allegations that class members "sometimes did not receive all of their meal periods in a lawful fashion").

The premium owed for a missed rest period pursuant to California Labor Code § 226.7 is one hour of pay for each violation. Over the last four years, the average hourly rate of pay for Rich

---

violations. For purposes of this removal, the calculations for unpaid wages/overtime, meal period, rest period, and reimbursement calculations include that additional year of damages which Plaintiff is purportedly seeking.

[4] Rich Products notes that Plaintiff's allegation that she was entitled to 30-minute rest breaks is erroneous because it is only required to provide 10-minute rest breaks under California law. *See* 8 Cal. Code Regs. § 11040.

Products' non-exempt California employees is $19.29.  (Brown Decl. at ¶ 4.)  In addition, there were a total of approximately 157,287 workweeks among all Rich Products' California employees who held an hourly position in the last four years.  (Brown Decl. at ¶ 5.)  Using a conservative estimate of *just one* unpaid rest premium per week worked by each putative class member, the alleged damages would total **$3,034,066.23** (1 violation per week x the hourly rate of $19.29 x 157,287 total workweeks).

### 2. Failure to Provide Meal Breaks: Plaintiff Seeks Approximately Three Million Dollars.

Similar to her rest break claim, Plaintiff alleges that "Defendants failed in their affirmative obligation to ensure that Plaintiff, and other class members, had the opportunity to take and were provided with off-duty meal [] periods" and that "Plaintiff and Class Members were suffered and permitted to work through legally required meal breaks and were denied the opportunity to take their full 30-minute off-duty meal breaks." (Compl. at ¶ 33.) Like her rest break claim, Plaintiff contends that Rich Products failed to pay meal period penalties to Plaintiff and the putative class members.  (*Id.*)  As with rest breaks, because of the lack of specificity in the Complaint, a reasonable estimate will suffice.  *Dart,* 574 U.S. at 88; *Ibarra,* 775 F.3d 1193 at 1197-98. Accordingly, using the same data used to calculate the amount in controversy for rest period violations, and again assuming one violation a week, the alleged damages would total **$3,034,066.23** (1 violation per week x the hourly rate of $19.29 x 157,287 total workweeks).

### 3. Failure to Provide Accurate Wage Statements: Plaintiff Seeks More Than Five Million Dollars.

Plaintiff maintains that during the class period, she and the putative class members were not provided accurate itemized wage statements in violation of Labor Code § 226. (Compl. at ¶¶ 29-30.) Specifically, Plaintiff avers that "Defendants violated Labor Code § 226 by, among other actions, failing to list the accurate rate of pay and corresponding number of hours worked whenever shift differential wages were paid to Plaintiff and Class Members." (*Id.*) Plaintiff further contends that, due to the purported meal and rest break violations, her wage statements did not accurately identify her gross and net pay. (*Id.*) The penalty under California law for a paystub violation under

7

this section of the Labor Code is $50 per employee for the first pay period and $100 per employee for every subsequent pay period for a maximum of $4,000. Assuming that Plaintiff seeks the maximum penalty for each employee, the total sought by Plaintiff on behalf of the class is **$5,728,000.**

### 4. The Total Amount in Controversy

Adding together the various amounts in controversy leads to an aggregate amount in controversy of **$11,796,132.46**, far exceeding the jurisdictional minimum. It is calculated as follows:

| Cause of Action | Amount |
|---|---|
| Rest Periods | $3,034,066.23 |
| Meal Periods | $3,034,066.23 |
| Paystub Violations | $5,728,000.00 |
| **TOTAL** | **$11,796,132.46** |

This does not even include attorney's fees, which the Ninth Circuit has found were appropriate when estimated at 12.5% of the total economic damages, which would be $1,474,516.50 here. *See, e.g., Guglielmino v. McKee Foods Corporation*, 506 F.3d 696, 700-01 (9th Cir. 2007). Accordingly, Rich Products has established that the amount in controversy here exceeds the jurisdictional minimum.

### III. **CONCLUSION**

For the foregoing reasons, removal of this case under CAFA is proper. The aggregated amount in controversy exceeds $5,000,000.00, exclusive of interest and costs, at least one class member is a citizen of a state different from that of Rich Products, and the number of California putative class members is greater than 100.

///

///

///

///

///

| | |
|---|---|
| Dated:  November 1, 2021 | HIRSCHFELD KRAEMER LLP |

By: /s/ *Jesse D. Sutz*
Monte K. Grix
Anna T. Pham
Jesse D. Sutz
Attorneys for Defendant
RICH PRODUCTS CORPORATION

NOTICE OF REMOVAL TO FEDERAL COURT

<u>*Eloisa Soto v. Rich Products Corporation, et al.*</u>
**USDC, Northern District**

**CERTIFICATE OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

  I am a citizen of the United States and a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 456 Montgomery Street, Suite 2200, San Francisco, California 94104-1255. On November 1, 2021, I served the following document(s) by the method indicated below:

**NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. §§1332, 1441 (A)(B), 1446**

☒   by transmitting via **email** on this date the document(s) listed above to the email address(es) set forth below. Due to the National Emergency and public health orders in California related to the coronavirus and COVID-19 pandemic, Hirschfeld Kraemer LLP attorneys and staff are working remotely and therefore have limited capabilities to send physical mail in the normal course of business. On this date, I personally transmitted the foregoing document(s) using electronic mail to the e-mail address(es) of the person(s) listed below.

*Attorneys for Plaintiff Eloisa Soto:*

Larry W. Lee, Esq.
DIVERSITY LAW GROUP, P.C.
515 S. Figueroa Street, Suite 1250
Los Angeles, California 90071

Telephone:  (213) 488-6555
Facsimile:  (213) 488-6554
Email:
lwlee@diversitylaw.com
  olympia@diversitylaw.com
  christine@diversitylaw.com

Edward W. Choi, Esq.
LAW OFFICES OF CHOI & ASSOCIATES
515 S. Figueroa St., Suite 1250
Los Angeles, CA 90071

Telephone: (213) 381-1515
Facsimile: (213) 465-4885
Email:
edward.choi@choiandassociates.com
jackie@choiandassociates.com

William L. Marder, Esq.
POLARIS LAW GROUP, LLP
501 San Benito Street, Suite 200
Hollister, California 95023

Telephone:  831.531.4214
Facsimile:  831.634.0333
Email:  bill@polarislawgroup.com

Dennis S. Hyun, Esq.
HYUN LEGAL, APC
515 S. Figueroa St., Suite 1250
Los Angeles, CA 90071

Telephone:  (213) 488-6555
Facsimile:  (213) 488-6554
Email:  dhyun@hyunlegal.com

  I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed by an officer of a member of the bar of this Court at whose direction the service was made.

CERTIFICATE OF SERVICE

4858-6156-7745

Executed on November 1, 2021, at San Francisco, California.

_____
Julie Goodfield