# Exhibit A



**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

Rich Products Corporation                                  10/06/2021
Ellen  Carey  Legal Assistant
Rich Products
One Robert Rich Way
Buffalo NY 14213

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

<div style="float:right;border:1px solid #000;padding:4px;">Item: 2021-100</div>

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be
directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT:
All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to
SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| | | |
|---|---|---|
| 1. | **Entity Served:** | Rich Products Corporation |
| 2. | **Title of Action:** | Eloisa Soto, as an individual and on behalf of all others similarly situated vs. Rich Products Corporation, et al. |
| 3. | **Document(s) Served:** | Summons<br>Class Action Complaint<br>Civil Case Cover Sheet<br>Civil Case Cover Sheet Addendum |
| 4. | **Court/Agency:** | Alameda County Superior Court of the State of California |
| 5. | **State Served:** | California |
| 6. | **Case Number:** | RG21113707 |
| 7. | **Case Type:** | Other Employment |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Tuesday 10/05/2021 |
| 10. | **Date to Client:** | Wednesday 10/06/2021 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | 30<br>Thursday 11/04/2021 | CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Larry W. Lee<br>Los Angeles, CA<br>(213) 488-6555 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 051 |
| 16. | **Notes:** | Please note that a Complex Determination Hearing is set for 10/26/2021 and Case Management Conference hearing is on 11/30/2021.<br>Also Attached:<br>* Notice of Hearing<br>* Alternative Dispute Resolution (ADR) Information Packet |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal
counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information.  At Corporate Creations, we take pride in developing solutions
that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default
judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service
of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate
Creations Network Inc.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>RICH PRODUCTS CORPORATION, a Corporation; and DOES 1<br>through 50, inclusive,<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>ELOISA SOTO, as an individual and on behalf of all others similarly<br>situated. | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**FILED BY FAX**<br>ALAMEDA COUNTY<br><br>September 17, 2021<br><br>CLERK OF<br>THE SUPERIOR COURT<br>By Joanne Downie, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Superior Court of California, County of Alameda<br>1225 Fallon Street, Oakland, CA  94612 | CASE NUMBER<br>*(Número del Caso):*<br>**RG21113707** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Larry W. Lee (SBN 228175)/Diversity Law Group, 515 S. Figuer~~~~~~~~~ ~~~~~~~~, 90071, 213-488-6555

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* | September 17, 2021 | Clerk, by *Margaret P. Cour*<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify)*: Rich Products Corporation, a corporation
under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☒ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1    Larry W. Lee (State Bar No. 228175)
     **DIVERSITY LAW GROUP, P.C.**
2    515 S. Figueroa St., Suite 1250
3    Los Angeles, California 90071
     (213) 488-6555
4    (213) 488-6554 facsimile
     lwlee@diversitylaw.com
5
     Attorneys for Plaintiff and the Class
6    (Additional Counsel on Next Page)

7

**FILED BY FAX**
ALAMEDA COUNTY

September 17, 2021

CLERK OF
THE SUPERIOR COURT
By Joanne Downie, Deputy

CASE NUMBER:
**RG21113707**

8                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                           **FOR THE COUNTY OF ALAMEDA**

10

11   ELOISA SOTO, as an individual and on          CASE NO.
     behalf of all others similarly situated,
12                                                 **CLASS ACTION COMPLAINT FOR:**
                    Plaintiffs,
13                                                 **(1) VIOLATION OF CAL. LABOR CODE §
                                                    226(a);**
14        v.
                                                   **(2) VIOLATION OF LABOR CODE §§226.7
15   RICH PRODUCTS CORPORATION, a                   AND 512;**
     Corporation; and DOES 1 through 50,
16   inclusive,                                    **(3) VIOLATION OF BUSINESS &
                                                    PROFESSIONS CODE § 17200, *ET SEQ.***
                    Defendants.
17                                                 **DEMAND EXCEEDS $25,000.00**

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT FOR DAMAGES

1

## ADDITIONAL COUNSEL FOR PLAINTIFF

2

Edward W. Choi (SBN 211334)
LAW OFFICES OF CHOI & ASSOCIATES
515 S. Figueroa St., Suite 1250
Los Angeles, CA 90071
Telephone: (213) 381-1515
Facsimile: (213) 465-4885
Email: edward.choi@choiandassociates.com

William L. Marder (SBN 170131)
POLARIS LAW GROUP, LLP
501 San Benito Street, Suite 200
Hollister, California 95023
Telephone:      831.531.4214
Facsimile:      831.634.0333

Dennis S. Hyun (SBN 224240)
HYUN LEGAL, APC
515 S. Figueroa St., Suite 1250
Los Angeles, CA  90071
(213) 488-6555
(213) 488-6554 facsimile

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

Plaintiff ELOISA SOTO ("Plaintiff") hereby submits this Class Action Complaint ("Complaint") against Defendant RICH PRODUCTS CORPORATION, a Corporation ("RICH PRODUCTS"), and DOES 1-50 (hereinafter collectively referred to as "Defendants"), individually and on behalf of a Class of all other similarly situated current and former employees of Defendants for penalties and/or damages for violations of the California Labor Code, including without limitation, failure to provide employees with accurate itemized wage statements and pay employees their meal break premium wages at the regular rate of pay, as follows:

## INTRODUCTION

1.      This class action is within the Court's jurisdiction under California Labor Code §§ 226, 226.7, and 512, the California Industrial Welfare Commission's ("IWC") Wage Orders, and California Business & Professions Code § 17200, *et seq.*

2.      This Complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code against employees of Defendants.

3.      Plaintiff is informed and believes, and based thereon alleges, that Defendants jointly and severally have acted knowingly and intentionally by failing to provide accurate itemized wage statements and failing to pay meal and rest break premiums at the correct regular rate of pay.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over the violations of the California Labor Code §§ 226, 226.7, and 512.

5.      Venue is proper in Alameda County because Defendants maintain business locations in this County. Moreover, the allegations alleged herein took place, in part in this County.

## PARTIES

6.      On or about September 14, 1998, Plaintiff began working for Defendants as a light machine operator. During her employment, Plaintiff was paid various non-discretionary incentive wages, including, but not limited to, shift differential wages. Plaintiff was also paid meal and/or rest break premium wages.

7.      Defendant RICH PRODUCTS is a food company that products in various cities

3

1  including in the County of Alameda.

2      8.      Plaintiff was and is a victim of the policies, practices, and customs of Defendants

3  complained of in this action in ways that have deprived Plaintiff of the rights guaranteed by

4  California Labor Code §§ 226, 226.7, and 512.

5      9.      Plaintiff is informed and believes, and based thereon alleges, that at all times herein

6  mentioned Defendants and DOES 1 through 50 are and were business entities, individuals, and

7  partnerships, licensed to do business and actually doing business in the State of California.

8      10.     As such, and based upon all the facts and circumstances incident to Defendants'

9  business in California, Defendants are subject to California Labor Code §§ 226, 226.7, and 512.

10     11.     Plaintiff does not know the true names or capacities, whether individual, partner or

11 corporate, of the Defendants sued herein as DOES 1 through 50, inclusive, and for that reason, said

12 Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this

13 complaint when the true names and capacities are known.  Plaintiff is informed and believes, and

14 based thereon alleges, that each of said fictitious Defendants was responsible in some way for the

15 matters alleged herein and proximately caused Plaintiff and members of the general public and

16 class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

17     12.     At all times herein mentioned, each of said Defendants participated in the doing of

18 the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the

19 Defendants, and each of them, were the agents, servants and employees of each of the other

20 Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting

within the course and scope of said agency and employment.

21     13.     Plaintiff is informed and believes, and based thereon alleges, that at all times

22 material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or

23 joint venturer of, or working in concert with each of the other co- Defendants and was acting

24 within the course and scope of such agency, employment, joint venture, or concerted activity.  To

25 the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the

26 remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting

27 Defendants.

28     14.     At all times herein mentioned, Defendants, and each of them, were members of, and

4

1  engaged in, a joint venture, partnership and common enterprise, and acting within the course and

2  scope of, and in pursuance of, said joint venture, partnership and common enterprise.

3      15.     At all times herein mentioned, the acts and omissions of various Defendants, and

4  each of them, concurred and contributed to the various acts and omissions of each and all of the

5  other Defendants in proximately causing the injuries and damages as herein alleged.  At all times

6  herein mentioned, Defendants, and each of them, ratified each and every act or omission

7  complained of herein.  At all times herein mentioned, the Defendants, and each of them, aided and

8  abetted the acts and omissions of each and all of the other Defendants in proximately causing the

9  damages as herein alleged.

10                              **CLASS ACTION ALLEGATIONS**

11      16.     **Definition:**  The named individual Plaintiff seeks class certification, pursuant to

    California Code of Civil Procedure § 382, of the following classes:

12
                a.     All current and former non-exempt California employees who were paid
13
                       shift differential wages from Defendant at any time during the period of
14
                       time from September 17, 2020, through the present (the "Wage Statement
15
                       Class"); and
16
                b.     All current and former non-exempt California employees who were paid
17
                       non-discretionary incentive wages including, but not limited to, shift
18
                       differential wages, and meal and/or rest break premium wages in the same
19
                       workweek from Defendant at any time during the period of time from
20
                       September 17, 2017, through the present (the "Meal and Rest Premium
21
                       Class")

22      17.     **Numerosity and Ascertainability:**  The members of the Class are so numerous

23  that joinder of all members would be impractical, if not impossible.  The identity of the members

24  of the Class is readily ascertainable by review of the Defendants records, including payroll records.

25  Plaintiff is informed and believes, and based thereon alleges, that the Defendants failed to provide

26  accurate itemized wage statements to employees in violation of Labor Code § 226 and failed to

27  pay employees their meal and rest break premium wages at their regular rate of pay in violation of

28  Labor Code §§226.7 and 512.

                                        5

18.    **Adequacy of Representation**:  The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the class defined above. Plaintiff's attorneys are ready, willing and able to fully and adequately represent the class and the named Plaintiffs.  Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California courts.

19.    Defendants uniformly administered a corporate policy, practice of failing to provide accurate itemized wage statements to employees in violation of Labor Code §226 and failed to pay employees their meal and rest break premium wages at their regular rate of pay in violation of Labor Code §§226.7 and 512.

20.    **Common Question of Law and Fact:**  There are predominant common questions of law and fact and a community of interest amongst Plaintiffs and the claims of the Class concerning the Defendants failure to provide accurate itemized wage statements to employees in violation of Labor Code § 226 and failed to pay employees their meal and rest break premium wages at their regular rate of pay in violation of Labor Code §§226.7 and 512.

21.    **Typicality:**  The claims of the named Plaintiff are typical of the claims of all members of the Class in that Plaintiff has suffered the harm alleged in this Complaint in a similar and typical manner as the Class members.  Plaintiff was not provided proper and accurate payroll records identifying all information required by Labor Code § 226(a).  Specifically, Defendants violated Labor Code § 226 by, among other actions, failing to identify the applicable hours and rate of pay to calculate shift differential wages.  Further, Defendants violated Labor Code §§ 226.7 and 512 by failing to pay meal and rest break premium wages at the regular rate of pay. Specifically, whenever meal and rest break premium wages were paid to Plaintiff and Class Members, the meal and/or rest break premium wages were paid at their base hourly rate of pay, which did not include the shift differential wages that they received during the same workweek. Thus, the meal and rest break premium wages were not paid at the regular rate of pay.  Based on the foregoing, Plaintiff is a member of the Class and has suffered the alleged violations of California Labor Code §§ 226, 226.7, and 512.

22.    The California Labor Code and upon which Plaintiff bases these claims is broadly remedial in nature.  These laws and labor standards serve an important public interest in

6

establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

23.     The nature of this action and the format of laws available to Plaintiff and members of the Class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate Defendant would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of the individual Plaintiff with Defendants' vastly superior financial and legal resources. Requiring each Class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

24.     The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual Class members against the Defendants and which would establish potentially incompatible standards of conduct for the Defendants, and/or (b) adjudications with respect to individual Class members which would, as a practical matter, be dispositive of the interest of the other Class members not parties to the adjudications or which would substantially impair or impede the ability of the Class members to protect their interests. Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

25.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by Plaintiffs and the Class identified herein, in a civil action any and all applicable penalties and/or damages, reasonable attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 218.5, 226 and 1194 and Code of Civil Procedure § 1021.5.

26.     Proof of a common business practice or factual pattern, which the named Plaintiffs experienced and are representative of, will establish the right of each of the members of the Class

7

1  to recovery on the causes of action alleged herein.

2      27.    The Class is commonly entitled to a specific fund with respect to the compensation
3  illegally and unfairly retained by the Defendants.  The Class is commonly entitled to restitution of
4  those funds being improperly withheld by the Defendants.  This action is brought for the benefit of
5  the entire class and will result in the creation of a common fund.

**FIRST CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 226(a)**

**(AGAINST THE DEFENDANTS AND DOES 1-50 BY PLAINTIFF AND THE WAGE STATEMENT CLASS AND THE MEAL AND REST PERIOD PREMIUM CLASS)**

28.    Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

29.    The Defendants failed in its affirmative obligation to provide <u>accurate</u> itemized wage statements in violation of Labor Code § 226(a).  Specifically, the Defendants violated Labor Code § 226(a) by, among other actions, failing to list the accurate rate of pay and corresponding number of hours worked whenever shift differential wages were paid to Plaintiff and Class Members.  Moreover, as a result of the meal and rest break violations alleged herein, the applicable rates of pay and gross/net wages earned were not accurately identified on wage statements issued to Class Members.

30.    Specifically, whenever shift differential wages were paid, the wage statements issued by Defendants did not identify applicable hours and rates of pay for shift differential wages that were paid. Rather, the wage statements simply identified the total sum paid for such wages. Plaintiff is informed and believes, and based thereon alleges, that that the Defendants' violation of Section 226(a) is class-wide.  Similarly, when meal and rest break premium wage payments were paid in the same workweeks that non-discretionary payments were earned, the applicable rates of pay and gross/net wages earned were inaccurately identified on the corresponding wage statements.

31.    Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by Plaintiffs and the Class identified herein, in a civil action, for all damages or penalties pursuant to Labor Code § 226, including

8

interest thereon, attorneys' fees, and costs of suit according to the mandate of California Labor Code § 226.

### SECOND CAUSE OF ACTION

### VIOLATION OF LABOR CODE §§ 226.7 AND 512

### (BY PLAINTIFF AND THE MEAL AND REST PERIOD PREMIUM CLASS AGAINST ALL DEFENDANTS)

32. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

33. At all relevant times, Defendants failed in their affirmative obligation to ensure that Plaintiff, and other class members, had the opportunity to take and were provided with off-duty meal and rest periods in accordance with the mandates of the California Labor Code and the applicable IWC Wage Order. Plaintiff and Class Members were suffered and permitted to work through legally required meal breaks and were denied the opportunity to take their full 30-minute off-duty meal breaks. Similarly, Plaintiff and Class Members were suffered and permitted to work through legally required meal breaks and were denied the opportunity to take their full 30-minute off-duty rest breaks. As such, Defendants are responsible for paying premium compensation for missed meal periods pursuant to Labor Code §§ 226.7 and 512 and the applicable IWC Wage Order. Specifically, Labor Code § 226.7(c) provides that "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday the meal or rest or recovery period is not provided." Defendants, as a matter of corporate policy and procedure, regularly failed to pay the meal and rest period premium at the correct rate of pay. Plaintiff and Class Members earned non-discretionary incentive pay, such as shift differentials, which was not factored into the regular rate of pay for purposes of paying meal and rest period premium pay. Instead, during work weeks in which Plaintiff and Class Members earned non-discretionary remuneration, Defendants improperly paid the meal and rest premium pay at the base rate of pay.

34. Plaintiff is informed and believe and based thereon alleges that Defendants willfully failed to include all remuneration, including non-discretionary remuneration, in the regular rate of pay for purposes of calculating meal and rest period premium pay, as required by

9

Labor Code §§ 226.7 and 512, and the applicable IWC Wage Order.  Plaintiff further alleges that Plaintiff and similarly situated employees are owed wages for the meal and rest period violations set forth above.

35.    Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and Class Members identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to Labor Code §§ 226.7 and 512, waiting time penalties pursuant to Labor Code § 203, and the applicable IWC Wage Order, including interest thereon, penalties, and costs of suit.

<div align="center">

**THIRD CAUSE OF ACTION**

**VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200, *ET SEQ.***

**(BY PLAINTIFF ON BEHALF OF THE MEAL PREMIUM CLASS AGAINST ALL DEFENDANTS)**

</div>

36.    Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

37.    Defendants, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, include, to wit, by failing to include all non-discretionary remuneration, in the regular rate of pay for purposes of calculating meal and rest period premium pay in violation of Labor Code §§ 226.7 and 512.

38.    Defendants' utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over Defendants' competitors.

39.    Plaintiff seeks individually and on behalf of all other members of the Class similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein.

40.    Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200, *et seq.*, including those set

<div align="center">10</div>

1    forth herein above thereby depriving Plaintiff and other members of the class the minimum

2    working condition standards and conditions due to them under the California laws as specifically

3    described therein.

4                                    **PRAYER FOR RELIEF**

5          WHEREFORE, Plaintiff prays for judgment individually and all others on whose behalf

6    this suit is brought against Defendants, jointly and severally, as follows:

7          1.      For an order certifying the proposed Class;

8          2.      For an order appointing Plaintiff as the representative of the Class as described

9    herein;

10         3.      For an order appointing counsel for Plaintiff as Class counsel;

11         4.      Upon the First Cause of Action, for damages and/or penalties pursuant to California

12   Labor Code § 226, and for costs and attorneys' fees;

13         5.      Upon the Second Cause of Action, for damages and/or penalties pursuant to Labor

14   Code §§ 201-203, 226.7, and 512, and for costs;

15         6.      Upon the Third Cause of Action, for restitution to Plaintiff and other similarly

16   effected members of the general public of all funds unlawfully acquired by Defendant by means of

17   any acts or practices declared by this Court to be in violation of Business and Professions Code §

18   17200 *et seq.*

19         7.      On all causes of action, for attorneys' fees and costs as provided by California

20   Labor Code §§ 218.5, 226, and Code of Civil Procedure § 1021.5; and

21         8.      For such other and further relief as the Court may deem just and proper.

22   DATED: September 17, 2021               DIVERSITY LAW GROUP, P.C.

23

24                                          By:_____

25                                              Larry W. Lee
                                                Attorneys for PLAINTIFF and the CLASS

26

27

28

                                               11

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Larry W. Lee (SBN 228175)
DIVERSITY LAW GROUP
515 S. Figueroa Street, Suite 1250
Los Angeles, California 90071
TELEPHONE NO.: (213) 488-6555    FAX NO.: (213) 488-6554
ATTORNEY FOR (Name): Plaintiff Eloisa soto

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
Eloisa Soto v. Rich Products Corporation

**FILED BY FAX**
ALAMEDA COUNTY

September 17, 2021

CLERK OF
THE SUPERIOR COURT
By Joanne Downie, Deputy

CASE NUMBER:
**RG21113707**

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited  ☐ Limited (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): Three (3)
5. This case ☑ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: September 17, 2021
Larry W. Lee
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

F. ADDENDUM TO CIVIL CASE COVER SHEET

*Unified Rules of the Superior Court of California, County of Alameda*

| Short Title: Soto v. Rich Products Corporation | Case Number: |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

### THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE
### SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

[ ] Hayward Hall of Justice (447)

[x] Oakland, Rene C. Davidson Alameda County Courthouse (446)       [ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | Is this an uninsured motorist case? [ ] yes [ ] no | | |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [x] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial   **Is the deft. in possession** |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential   **of the property?** |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs   **[ ] Yes   [ ] No** |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No** | | |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

202-19 (5/1/00)

A-13

┌ DIVERSITY LAW GROUP, P.C. APC ┐          ┌ Rich Products Corporation          ┐
  Attn: Lee, Larry W.
  515 S. Figueroa St.
  Suite 1250
└ Los Angeles, CA   90071          ┘      └                                     ┘

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| Soto | No. RG21113707 |
|---|---|
| Plaintiff/Petitioner(s) | |
| VS. | |
| Rich Products Corporation | NOTICE OF HEARING |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:
> Complex Determination Hearing
> Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 10/26/2021    TIME: 03:00 PM    DEPARTMENT: 23
LOCATION:  Administration Building, Fourth Floor
           1221 Oak Street, Oakland

Case Management Conference:
DATE: 11/30/2021    TIME: 03:00 PM    DEPARTMENT: 23
LOCATION:  Administration Building, Fourth Floor
           1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 23 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6939.  Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 23.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.  Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For further information, go to **Direct Calendar Departments** at

**http://apps.alameda.courts.ca.gov/domainweb**.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 23.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 23 by e-mail at Dept23@alameda.courts.ca.gov or by phone at (510) 267-6939.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  09/24/2021                    Chad Finke  Executive Officer / Clerk of the Superior Court

                                          By _____

                                                                          Deputy Clerk

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

                  Executed on 09/27/2021.

                                          By _____

                                                                          Deputy Clerk



## Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:

- Indicating your preference on Case Management Form CM-110;

- Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or

- Agree to ADR at your Initial Case Management Conference.

**QUESTIONS?** Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
Or visit the court's website at http://www.alameda.courts.ca.gov/adr

### What Are The Advantages Of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  o **Court Mediation Program**: Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

- o **Private Mediation**:  This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute.  Arbitration is less formal than a trial and the rules of evidence are often relaxed.  Arbitration is effective when the parties want someone other than themselves to decide the outcome.

  - o **Judicial Arbitration Program** (non-binding):  The judge can refer a case or the parties can agree to use judicial arbitration.  The parties select an arbitrator from a list provided by the court.  If the parties cannot agree on an arbitrator, one will be assigned by the court.  There is no fee for the arbitrator.  The arbitrator must send the decision (award of the arbitrator) to the court.  The parties have the right to reject the award and proceed to trial.

  - o **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated.  This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

## Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations.  Trained volunteer mediators provide these services.  Contact the following organizations for more information:

**SEEDS Community Resolution Center**
2530 San Pablo Avenue, Suite A, Berkeley, CA  94702-1612
Telephone: (510) 548-2377      Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – **S**ervices that **E**ncourage **E**ffective **D**ialogue and **S**olution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA  94550
Telephone: (925) 373-1035      Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA  94607
Telephone: (510) 768-3100      Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

**ALA ADR-001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| | |

TELEPHONE NO.:                  FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS | CASE NUMBER: |
|---|---|

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 24405 Amador Street, Hayward, CA 94544 or Fax to (510) 267-5727.

1. Date complaint filed: _____. An **Initial Case Management Conference** is scheduled for:

   Date:               Time:            Department:

2. Counsel and all parties certify they have met and conferred and have selected the following ADR process *(check one)*:

   ☐ Court mediation          ☐ Judicial arbitration

   ☐ Private mediation        ☐ Private arbitration

3. All parties agree to complete ADR within 90 days and certify that:

   a. No party to the case has requested a complex civil litigation determination hearing;
   b. All parties have been served and intend to submit to the jurisdiction of the court;
   c. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
   d. Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
   e. Case management statements are submitted with this stipulation;
   f. All parties will attend ADR conferences; and,
   g. The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____ ▶ _____

(TYPE OR PRINT NAME)             (SIGNATURE OF PLAINTIFF)

Date:

_____ ▶ _____

Page 1 of 2

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

(TYPE OR PRINT NAME)                          (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

**ALA ADR-001**

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____          ▶ _____
         (TYPE OR PRINT NAME)                          (SIGNATURE OF DEFENDANT)

Date:

_____          ▶ _____
         (TYPE OR PRINT NAME)                     (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

OCT 0 5 2021